Cleveland HILLIARD, Jr., et al.

v.

**KAISER FOUNDATION HEALTH PLAN OF THE MID–ATLANTIC STATES, INC., et al.**

No. DKC 2001–1971.

United States District Court, D. Maryland.

Nov. 1, 2001.

Larry A. Ceppos, Armstrong Donohue Ceppos and Vaughan CHTD, Rockville, MD, Anthony F.Shelley, Miller and Chevalier Cht, Washington, DC, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Defendants removed this case on July 5, 2001, from the Circuit Court for Prince George's County, based on the deposition testimony of Dr. Rabin and statements of Plaintiffs' counsel which raised a federal claim under the Federal Employee Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901–14 (2001).[1] On July 27, 2001, without contesting the propriety of the initial removal, Plaintiffs moved to remand the case on the grounds that they would not assert any direct liability claims against Kaiser or any other Defendant based on institutional protocols or cost-containment policies and, therefore, there no longer were grounds for preemption under FEHBA. Defendants filed an opposition to Plaintiffs' motion to remand and a motion for leave to file a third-party complaint to join the United States based on the new federal claim. A reply and a sur-reply were filed.[2] For the following reasons, the court shall GRANT Plaintiffs' motion to remand and DENY Defendants' motion to amend as moot.

## I. Background

Plaintiffs, Cleveland Hilliard, Jr. and his wife, filed a complaint against Defendants,

Edward J. Norwind, Albert Heinz Lechner, Karp, Frosh, Lapidus, Wigodsky & Norwind, PA, Rockville, MD, for Plaintiffs.

---

1. The parties assume, and the court agrees, that deposition testimony and counsel's representations constitute either a constructive amendment of the complaint or a clarification of the basis for liability asserted against Kaiser, thus allowing removal within 30 days pursuant to 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...")

2. Because the sur-reply raises no new issues of law regarding the motion to remand and Plaintiffs did not file any opposition, the court has considered it in the resolution of this matter.

Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc., Mid–Atlantic Permanente Medical Group, P.C., Steven F. Osbourne, M.D., Kaiser Permanente Health Care Providers 1–5, and Capital Area Permanente Medical Group, P.C., in the Circuit Court for Prince George's County on December 10, 1999, stating claims for medical negligence and loss of consortium. These claims were based on an alleged misdiagnosis of a non-malignant brain tumor of Mr. Hilliard by Dr. Steven Osborne, the Capital Area Permanente Medical Group, Kaiser Permanents Medical Providers 1–5, and Mid–Atlantic Permanente Medical Group. Kaiser Permanente was also named as a defendant based on a theory of vicarious liability as the HMO provider.

On June 5, 2001, Dr. Jack Rabin, an expert witness for Plaintiffs, was deposed by Defendants. Dr. Rabin testified that the institutional policies of Kaiser Permanente were a direct cause of Mr. Hilliard's injuries. Dr. Rabin stated that: "I think that's a definite problem ... as to whether managed care is an infringement so that, in this particular case, it becomes sub-standard care, and that there is some blame that would accrue directly to Kaiser, regardless of the practitioner." Paper No. 33 at 19. This allegation of direct liability prompted Defendants to remove the action to federal court under federal question jurisdiction and FEHBA, on the theory that any direct liability allegations against Kaiser Permanente were completely preempted by FEHBA.

Plaintiffs have responded with a motion to remand, in which they "disavow any claims against Kaiser or any other Defendant in this case based on institutional protocols or cost-containment policies." Paper No. 25 at 5. Plaintiffs argue that since they will not be pursuing direct liability claims against Kaiser, there is no

longer any federal question under the complete preemption doctrine of FEHBA and, therefore, the court should decline to exercise jurisdiction over the remaining state law claims. Defendants argue that Plaintiffs do not "have a reasonable view of the scope of FEHBA preemption, and this only invites future controversies concerning ... the claims ... Plaintiffs will pursue at trial." Paper No. 35 at 9. Defendants argue that this could create the need for "a second removal to this Court ... if the case ... [is] remanded" and urge the court to avoid the possibility of a second removal by exercising supplemental jurisdiction over the state law claims. *Id.*

## II. Standard of Review

As stated above, the parties do not dispute the propriety of the initial removal and, thus, this court's subject matter jurisdiction over the entire complaint. Rather, the issues before the court are whether (1) Plaintiffs have effectively removed the federal question from this case, and (2) if so, whether the court should retain jurisdiction over the remaining state law claims or remand the case to state court.

Under 28 U.S.C. § 1367(c), this court "may decline to exercise supplemental jurisdiction, over a claim ... if (3) the district court has dismissed all claims over which it has original jurisdiction." The Fourth Circuit has recently reiterated the proper framework:

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the predecessor of 28 U.S.C. § 1367, the 1990 statute with respect to supplemental jurisdiction, the Court, although not denying the right of the district court to decide pendent claims, stated that "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should

be dismissed as well." *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130, 16 L.Ed.2d 218. Following *Gibbs,* the Court decided in *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), that, in a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court. *Farlow v. Wachovia Bank of North Carolina, N.A.,* 259 F.3d 309, 316–17 (4th Cir. 2001). Under *Gibbs,* the court assesses and weighs the factors of judicial economy, convenience, fairness, and comity.

### III. Analysis

A United States district court has original jurisdiction over a civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Removal jurisdiction is proper only if the action originally could have been brought in the district court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Caudill v. Blue Cross & Blue Shield of North Carolina,* 999 F.2d 74 (4th Cir.1993). Generally, whether any of the plaintiff's claims "arise under" federal law is determined by the application of the well-pleaded complaint rule. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The rule states that a state court claim may be removed to federal district court if it presents a federal question which appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318. There are two exceptions to the general rule: 1) where the "complete preemption doctrine" applies; and 2) where the vindication of a right under state law necessarily turns on some construction of federal law. *Kight v. Kaiser Found. Health Plan of the Mid–Atlantic States, Inc.,* 34 F.Supp.2d 334, 337 (E.D.Va.1999).

Plaintiffs have, however, stated an intention to withdraw the direct liability claim against Kaiser which triggered complete preemption under FEHBA. Since Plaintiffs are "the masters of their complaints," their intent to withdraw the direct liability claim that triggered FEHBA preemption renders the claim moot. *Webster v. Reproductive Health Servs.,* 492 U.S. 490, 492, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989). "When a claim is rendered moot ... the District Court [should] dismiss the relevant portion of the complaint." *Deakins v. Monaghan,* 484 U.S. 193, 200, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). Therefore Plaintiffs' claim for direct liability against Kaiser is dismissed. This dismissal will prevent Plaintiffs from reviving their direct liability claim against Kaiser in federal court. *Id.* Although Defendants are concerned that these issues will arise again and will require removal at a later date, the court will direct that the dismissal of the direct liability claim bars Plaintiffs from again raising the issue that triggered complete preemption under FEHBA.

Once the direct liability claim against Kaiser is dismissed, all that remain in this matter are the original state law claims brought by the Plaintiff, which the Defendants concede do not trigger complete preemption, since they are not direct liability claims against Kaiser Permanente. It is within the court's discretion to choose to continue to exercise jurisdiction over the state law claims that were properly removed here when the direct liability claim arose. However, the only relationship this court has had with this matter consists of determining whether or not removal was proper and whether remand is appropri-

ate. Moreover, this matter was progressing smoothly in the Circuit Court for Prince George's County before the issue of direct liability was raised in Dr. Rabin's deposition testimony. Thus, the court declines to exercise pendent jurisdiction over the remaining state law claims and so remands this matter back to the Circuit Court. Therefore Plaintiffs' motion to remand is granted and Defendants' motion for leave to file a third-party complaint is denied as moot.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand to the Circuit Court for Prince George's County is granted and Defendants' motion for leave to amend is denied as moot. A separate Order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ___ day of October, 2001 by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' motion to dismiss any claim of direct liability against Kaiser Permanente BE, and the same hereby IS GRANTED, the claim of direct liability IS DISMISSED with prejudice, and Count One for Medical Negligence IS AMENDED to state specifically that any claim against that Defendant rests solely on the theory of respondeat superior;

2. Plaintiffs' motion to remand BE, and the same hereby IS, GRANTED and this case IS REMANDED to the Circuit Court for Prince George's County;

3. The Defendants' motion for leave to file a third-party complaint IS DENIED as moot;

4. The Clerk take all necessary steps to effectuate the remand promptly; and

5. The Clerk transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.